Case 2:19-cv-01687-KJM-CKD   Document 24   Filed 09/16/20   Page 1 of 11

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE BROOKS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PRESSED JUICERY, INC.; and Does 1 to 10, inclusive,<br><br>Defendants. | No.  2:19-cv-01687-KJM-CKD<br><br><br>ORDER |

This matter is before the court on a joint motion for the preliminary approval of class action settlement and conditional certification of settlement classes, and class counsel under Fed. R. Civ. P. Rule 23.  For the following reasons, the court GRANTS the parties' motion.

I.  BACKGROUND

   A.   Factual and Procedural Background

Plaintiff Valerie Brooks alleges that defendant Pressed Juicery, Inc. violated the American with Disabilities Act, 42 U.S.C. § 12181 ("ADA"), and California's Unruh Civil Rights Act, California Civil Code § 51 ("UCRA"), by not maintaining its website in a manner that allowed access to those with visual disabilities, *see* Compl., ECF No. 1.

/////

1

1    Ms. Brooks, the representative plaintiff, is a citizen of California and legally blind.
2 *Id.* at 1.  She alleges she was unable to access the defendant's website due to her visual
3 impairment despite her use of visual-impairment-aid programs.  *Id.* at 2, 4–5, 8.
4    Defendant is a Delaware corporation, headquartered in Santa Monica, California.
5 *Id.* at 2.  It produces a variety of goods such as juices, cleanses and probiotics.  *Id.*  Part of
6 defendant's marketing strategy is the production and maintenance of a website meant to promote
7 and sell its products to consumers, both in California and elsewhere.  *Id.*
8    On August 28, 2019, plaintiff filed suit in this court, alleging first that the
9 construction of defendant's website fails "to take such steps as may be necessary to ensure that no
10 individual with a disability is excluded, denied services, segregated or otherwise treated
11 differently," thereby failing to comply with the accessibility requirements placed on "public
12 accommodations" by the ADA.  42 U.S.C. § 12182(b)(2)(A)(ii)-(iii); Compl. at 15–16.  Second,
13 plaintiff alleges this same conduct also constitutes a violation of the UCRA.  California Civil
14 Code § 51; Compl. at 17–18.
15    On February 20, 2020, the parties indicated they had reached a settlement in
16 principle, Jt. Status Report, ECF No. 15 at 5, and on April 8, 2020 they filed the instant motion
17 for preliminary settlement authorization and class certification.  Mot. for Prelim. Settlement and
18 Class Cert. ("Mot."), ECF No. 19.  On July 24, 2020, the court heard oral argument on the
19 motion, with counsel from both sides reiterating their clients' support for the settlement. After
20 hearing argument, the court took the matter under submission for resolution by written order and
21 resolves the motion here.
22    B.    Preliminary Class Certification
23    Plaintiff's original filing identified two classes: a national and California class.
24 Compl. at 12.  While the definitions for each are identical, each class is constructed to correspond
25 /////
26 /////
27 /////
28 /////

to plaintiff's claims: the ADA claim corresponds to the national class, and the Unruh act claim to the California class. The national class is defined as:

> All legally blind individuals who have attempted to access Defendant's website by the use of a screen reading software during the applicable limitations period up to and including final judgement in this action.

Compl. ¶ 41.

The California class is defined the same way, but within the geographical boundaries of California. *See id*. ¶ 42. In the settlement agreement, the parties request this court preliminarily approve two broader classes, defined by the same geographical designations, but expanded to:

> All individuals [nationally or in the State of California] who (a) have a disability, as that term is defined under the ADA and similar state and local disability laws, and (b) have accessed the Website and Mobile Applications, and (c) have been denied equal access as a result of their disability.

Mot. at 11.

Plaintiff provides calculations with respect to the California class, on the assumption that if the California class satisfies numerosity requirements then the national class does as well. *See* Mot. at 22–23. Plaintiff estimates that, of the 71,400 legally blind Californians that use the internet, they would access defendant's website at the same rate as internet users as a whole: 0.6 percent. This results in 43 monthly visitors, which spread over the year-long class period, yields an estimated class of 516 individuals. Mot. at 23. This estimate is undisputed. *Id.* at 22.

    C.    <u>Settlement Details</u>

The parties propose the following terms: First, defendant shall diligently bring its website into compliance with WCAG 2.0 Level.[1] Mot. at 12. Second, after making these

---

[1] WCAG 2.0 level is a collection of guidelines released by the Web Accessibility Initiative to facilitate accessibility rule-compliant websites and promote the access of disabled individuals; the guidelines are ADA compliant. Web Content Accessibility Guidelines (WCAG) 2.0, W3C Recommendation 11, December 11, 2008 (https://www.w3.org/TR/WCAG20/) (accessed on July 13, 2020).

modifications defendant will stay abreast of legislative changes to applicable accessibility laws and maintain proper compliance. *Id.* at 13. Third, defendant will pay $2,500 to the named plaintiff as an "enhancement award." *Id.* Fourth, defendant will pay $35,000 in attorney's fees to Class Counsel. *Id.* Defendant will bear the costs of notifying the class through an advertisement in the publications of several disability associations and foundations within fourteen days of preliminary approval.[2] *Id*.

## II. LEGAL STANDARD

The court's hearing on the parties' preliminary authorization request is the first of two hearings geared to help ensure compliance with the requirements of Federal Rule of Civil Procedure 23, which, in essence, requires any settlement be fair to the class members. *See Smothers v. NorthStar Alarm Services*, LLC, No. 2:17-cv-00548, 2019 WL 280294 (E.D.Cal. 2019). In this first hearing, the court determines whether to give notice to the class by looking to whether "the court will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of the judgment on proposal." Fed. R. Civ. P. 23(e)(1)(B)(i)–(ii); *see also Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997); *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003) ("courts must peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement").

Proposed class certifications are assessed under Federal Rules of Civil Procedure 23(a)–(b). "A plaintiff pursuing class certification must satisfy each prerequisite of Rule 23(a) and establish an appropriate ground for maintaining the class action under Rule 23(b)." *Walker v. Life Insurance Company of the West*, 953 F.3d 624, 630 (9th Cir. 2020) (citing *Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1019 (9th Cir. 2011)). Rule 23(a) looks to the attributes of the proposed class, requiring: "(1) numerosity of plaintiffs; (2) common questions of law or facts predominate; (4) the named plaintiff's claims and defenses are typical; and (4) the named plaintiff

---

[2] The parties identify these publications as the National Federation for the Blind, the American Council of the Blind, the American Foundation for the Blind, the American Council of the Blind, the American Foundation for the Blind, the National Association for the Deaf and the Los Angeles Radio Reader Service. The court reviewed this list with the parties at hearing and is satisfied distribution to the list will reach the appropriate audience of class members.

can adequately protect the interests of the class." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citing Fed. R. Civ. P. Rule 23(a)).

Rule 23(b) looks to the appropriateness of a class action as the vehicle for the claims, requiring that one of the following be true: (1) prosecuting separate actions by or against individual class members creates a risk of inconsistent adjudications or would harm the interests of other class members; (2) the party has refused to act on grounds that apply generally to the class, making any injunctive or declaratory relief appropriate for the class as a whole; (3) common questions of law or fact predominate over any individual members, making a class action superior to other methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b)(1)–(3).

Preliminary certification of a class settlement turns on the fairness of the settlement for non-representative class members. District courts must consider:

> (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members.

*Churchill Village, L.L.C. v. General Electric*, 361 F.3d 566, 575–76 (9th Cir. 2004) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)). "[S]ettlements negotiated prior to class certification present 'an even greater potential for a breach of fiduciary duty owed the class during settlement'" and "'must withstand an even higher level of scrutiny for evidence of collusion or other conflicts of interest than is ordinarily required under 23(e) before securing the court's approval as fair.'" *Smothers*, 2019 WL 280294, at *9 (quoting *In re Bluetooth Headset Products Liability Litigation*, 654 F.3d 935, 946 (9th Cir. 2011)).

Notice must be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Morales v. Steveco, Inc.*, No. 09-cv-00704, 2011 WL 5511767, at *13 (E.D.Cal. 2011) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306 (1950)). Notice must provide the following information: (1) the nature of the action; (2) the definition of the class

certified; (3) the class claims, issues or defenses; (4) that a class member may enter an appearance through an attorney if the member so desires; (5) that the court will exclude from the class any member who requests exclusion; (6) the time and manner for requesting exclusion; and (7) the binding effect of a class judgement on members under Rule 23(c)(3).

The final requirement is preliminary approval of class counsel.  The court considers the following factors in determining proposed class counsel's suitability: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A).

III.     PRELIMINARY CLASS CERTIFICATION

A.     Rule 23(a)(1) – Numerosity

"Class litigation is desirable when claimants are so numerous that joinder. . . is impracticable." Fed. R. Civ. P. 23(a)(1).  Impracticability is satisfied when joinder is difficult or inconvenient, but does not require impossibility. *Smothers*, 2019 WL 280294, at *4 (citing *In re Itel Sec. Litig.*, 89 F.R.D. 104, 112 (N.D. Cal. 1981)).  "While no fixed number [] satisfie[s] the numerosity requirement, as a general matter, a class greater than forty often satisfies the requirement, while one less than twenty-one does not." *Ries v. Ariz. Beverages USA LLC*, 287 F.R.D. 523, 526 (N.D. Cal. 2012).

Here, as plaintiff assumes, members of the smaller class are necessarily members of the larger one, so the only estimate the parties provide is for the smaller of the two classes. Plaintiff estimates the California class comprises 516 individuals.  Mot. at 23.  An estimate of the type plaintiff provides is likely the best evidence available, given the difficulty of precise identification, and courts have considered such a calculation adequate for demonstrating numerosity. *See Shields v. Walt Disney Parks and Resorts US, Inc.*, 279 F.R.D. 529, 548–49 (C.D. Cal. 2011) (numerosity found based on similar calculation estimating number of visually impaired who attempted to access website).  Adequate numerosity is satisfied.

/////

6

B. Rule 23(a)(2) – Commonality

Commonality requires there be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Commonality loosely requires class members to "have suffered the same injury," *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 157 (1982), leading the class to a "common contention," *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). A "common contention . . . means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims." *Id.* This court previously has considered commonality satisfied when "'the lawsuit challenges a system-wide practice or policy that affects all of the putative class members.'" *Smothers*, 2019 WL 280294, at *5 (quoting *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001), *abrogated on other grounds by Johnson v. California*, 543 U.S. 499, 504–05 (2005)). The common contention here is that visually impaired people have not been able to access defendant's website. Other courts previously have found this exact fact pattern, and other similar ones, sufficient to satisfy commonality. *See, e.g.*, *Shields*, 279 F.R.D. at 549 (commonality found in class defined by inability to access Walt Disney Parks and Resorts website due to visual impairment); *National Federation of Blind of California v. Uber Technologies, Inc.*, No. 14-cv-04086, 2016 WL 9000699, at *6 (N.D. Cal. 2016) (commonality found when "plaintiffs all seek to ensure that drivers using the Uber platform will accommodate disabled individuals"). The court finds commonality satisfied here with respect to both classes.

C. Rule 23(a)(3) – Typicality

Typicality requires that "the claims or defenses of representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Typicality ensures "the interest[s] of the named representative align[] with the interests of the class." *Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1141 (9th Cir. 2016) (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)). Claims and defenses are "typical if they are reasonably coextensive with those of absent class members; they need not be "substantially identical." *Smothers*, 2019 WL 280294, at *5 (quoting *Parsons v. Ryan*, 754 F.3d 657, 685 (9th Cir. 2014)). "Measures of typicality include 'whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other

7

1   class members have been injured by the same course of conduct.'"  *Torres*, 835 F.3d at 1141

2   (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998)).

3           At hearing, the parties argued their proposed broadening of the classes, compared

4   to the original pleadings, is justified by the remedy of implementing WCAG 2.0, as addressing

5   inaccessibility issues for disabilities broader than solely visual impairment.  This argument is

6   well-taken.  The classes are defined as those who have been unable to access defendant's website

7   due to their disability, and the claims are entirely based on inability to access the website.  These

8   definitions appear to this court to satisfy typicality requirements.

9           D.      <u>Rule 23(a)(4) – Adequacy of Representation to Serve Class</u>

10          For preliminary class certification, due process requires that representatives of the

11  proposed class afford adequate representation to those class members who are absent.  *Hanlon*,

12  150 F.3d at 1020 (*overruled on other grounds by Dukes*, 564 U.S. at 338; citing *Hansberry v.*

13  *Lee*, 311 U.S. 32, 42-43 (1940)).  Courts consider two factors when analyzing adequacy:  First,

14  whether there are any conflicts of interest between plaintiffs and other class members.  *Id.*

15  Second, whether the named plaintiff and their counsel can be expected to "prosecute the action

16  vigorously on behalf of the class."  *Id.*

17          Named plaintiff in the instant case appears to be an adequate representative of the

18  class.  Nothing in the record suggests she has conflicts of interest with other class members.  In

19  particular, looking at the result bargained for, prioritizing prospective access over monetary

20  damages suggests a genuine interest in facilitating access for all disabled individuals to

21  defendant's website.  *See* Mot. at 11–13.

22          Turning to counsel, based on the evidence of record, including the accompanying

23  declaration by Babak Saadian, both attorneys representing the class have extensive experience in

24  the field, and do not have apparent conflicts of interest.  Mot. at 25; Decl. of Babak Saadian

25  ("Saadian Decl."), ECF 19, Ex. A, ¶¶ 3–4 (details both attorneys' experience representing

26  claimants of this type, and provides professional resumes supporting their competency).  As such,

27  their representation of the class appears to this court to be adequate.

28  /////

1      E.      Rule 23(b) — Appropriateness of a Class Action Suit

2          Plaintiff asserts Federal Rule of Civil Procedure 23(b)(2) provides the appropriate ground for maintaining this class action. Mot. at 26. Rule 23(b)(2) states that class actions are appropriate when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). "Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class. It does not authorize class certification when each individual class member would be entitled to a different injunction or declaratory judgement against defendant." *Dukes*, 564 U.S. at 360. "These requirements are unquestionably satisfied when members of a putative class seek uniform injunctive or declaratory relief from policies or practices that are generally applicable to the class as a whole." *Parsons*, 754 F.3d at 688 (citing *Rodriguez v. Hayes*, 591 F.3d 1105, 1125 (9th Cir. 2011)).

          The primary remedy sought in the complaint is class-wide, homogenous, injunctive relief. *See* Compl. at 18 (requesting permanent injunction guaranteeing access, asking only for the minimum damages available). "When a class seeks an indivisible injunction benefiting all its members at once, there is no reason to undertake a case-specific inquiry into whether class issues predominate or whether class action is superior method of adjudicating the dispute. Predominance and superiority are self-evident." *Dukes*, 564 U.S. at 362-63. Given the significant suitability of this controversy to singular injunctive relief, this court finds Rule 23(b)(2) is satisfied, and need not reach plaintiff's argument regarding Rule 23(b)(3).

IV.    PRELIMINARY SETTLEMENT CERTIFICATION

          The court now considers the *Churchill* factors to determine whether the proposed settlement is fair and equitable, as required for preliminary certification. In this light the court finds no impediment to preliminary approval of the settlement. Generally, the settlement appears to be a compromise that saves defendant from escalating attorney's fees and provides plaintiff with the core relief requested: defendant's future compliance with WCAG 2.0.

/////

9

At first glance, two factors cause the court some hesitation: the $2,500 individual award to plaintiff and the $35,000 in attorney's fees awarded to plaintiff's counsel. The court addresses each in turn below.

First, "[e]nhancements for class representatives are not to be given routinely." *Ogbuehi v. Comcast of California*, 303 F.R.D. 337, 352 (E.D.Cal. 2014) (*quoting Morales v. Stevco, Inc.*, 2011 WL 5511767, at *12). In determining whether an enhancement award is appropriate, "[t]he district court must evaluate [the representatives'] awards [], using 'relevant factors includ[ing] the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, . . . [and] the amount of time and effort the plaintiff expended in pursuing litigation. . ." *Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003) (*quoting Cook v. Niedert*, 142 F.3d 1004, 1016 (9th Cir. 1998)). Here, the court finds the benefit to the class provides significant support for the proposed award. In sum, the incentive payment of $2,500 to plaintiff at this juncture is reasonable on its face, and not an impediment to preliminary certification. However, for final certification plaintiff should submit evidence, such as a declaration, describing in detail her contribution to the case to ultimately justify the incentive award.

Second, there are generally two accepted methods for calculating appropriate attorney's fees in a class action settlement agreement: the "lodestar method," and the "percentage-of-recovery method." *See In Re Bluetooth*, 654 F.3d at 942. Given that there is no financial recovery for the class in this case, the lodestar method is the appropriate one to apply here. "The lodestar figure is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer." *Id.* at 941 (*citing Staton*, 327 F.3d at 965). "[T]he court may adjust it upward or downward. . ." reflecting a host of reasonableness factors. . ." *Id.* at 942 (*citing Hanlon*, 150 F.3d at 1029). The most significant reasonableness factor "is the benefit obtained for the class." *Id.* (*citing Hensley v. Eckerhart*, 461 U.S. 424, 434–36 (1983)). Plaintiff has not offered a detailed calculation at this stage, opting instead to simply present a lump sum figure. *See* Mot. at 44–45. Given the facial

reasonableness of the figure, and the near-optimal result obtained for the class, this court accepts the figure for the purposes of preliminary certification. However, prior to final certification plaintiff should submit a "lodestar estimate," supporting the appropriateness of the payment requested.

In sum, the court finds the proposed settlement is sufficiently fair and equitable to the non-representative members of the class such that preliminary approval is warranted.

## V.    ADEQUACY OF NOTICE

"No notice plan is perfect, but perfection is not required." *Jabbari v. Farmer*, 2020 WL 4048683, at *2 (9th Cir. 2020) (citing *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1128–29 (9th Cir. 2017). Extra leeway is given especially to cases involving "recoveries too small to incentivize individual litigation," *Briseno*, 844 F.3d at 1129, which certainly includes the case at issue. Given the logistical difficulties of identifying the class members here, this court accepts the publication of the notice regarding the proposed settlement reviewed above as sufficient. The notice submitted, ECF No. 19 Ex. A, is also adequate for notifying class members of the existence and details of the settlement.

## VI.    APPOINTMENT OF CLASS COUNSEL

In light of the relevant experience of class counsel, *see* Saadian Decl., Ex. A, this court preliminarily appoints Babak Saadian and Thiago Coelho, and the Wilshire Law Firm as class counsel.

## VII.    CONCLUSION

The motion for preliminary certification of the class settlement is GRANTED. This order resolves ECF No. 19. Notice shall be distributed to class members by September 25, 2020, with any opposition to the settlement due thirty-five (35) days after the distribution of notice. The court also sets a final settlement hearing for the court's civil law and motion calendar falling after the seventy-five (75) days contemplated by the parties, for **Friday, December 11, 2020 at 10:00 a.m.**

IT IS SO ORDERED.

DATED: September 16, 2020.

CHIEF UNITED STATES DISTRICT JUDGE