## NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION
## AND FAIRNESS HEARING

This Notice has been approved by the United States District Court for the Eastern District of California.

Be advised of the preliminary approval of the settlement of a class action lawsuit brought by Valerie Brooks (the "Named Plaintiff") against Pressed Juicery, Inc., and Does 1-10 ("Pressed Juicery"). The Named Plaintiff, individually and on behalf of all members of the Settlement Classes, as defined below, alleges that, as individuals with visual impairments, they were denied equal access to or enjoyment of Pressed Juicery's website, https://www.pressedjuicery.com/, and Defendant's corporate sponsored blog, https://thechalkboardmag.com (collectively the "Website"). Pressed Juicery denies the Named Plaintiff's allegations and denies any fault or wrongdoing whatsoever.

Under the proposed settlement, Pressed Juicery will make certain changes to the Website and any software designed to run on a mobile device, such as a smartphone or tablet computer, that features information put out from Pressed Juicery to provide users with similar services to those accessed on PCs regarding its goods and services ("Mobile Applications") (as set forth in the Class Action Settlement Agreement and Release) in exchange for the Settlement Classes releasing claims regarding the accessibility of the Website and Mobile Applications as it exists at the time of this settlement, or as it may be modified in accordance with the Settlement Agreement.  A Final Approval and Fairness Hearing on the proposed settlement is scheduled for May 6, 2022 at 10:00 a.m., in Courtroom 3 before the Honorable Kimberly J. Mueller, Chief

Judge for the United States District Court for the Eastern District of California, Robert T. Matsui United States Courthouse, 501 I Street, Sacramento, California 95814.

Please read this Notice carefully. It contains important information about your legal rights concerning the proposed settlement of this lawsuit.

**1.     Who are members of the Settlement Classes?**

The Court has preliminarily approved the following two Settlement Classes.

(1)     The Nationwide Class: All individuals who (a) have a disability, as that term is defined under the Americans with Disabilities Act, the "ADA" 42 U.S.C. § 12102 and similar state and local disability laws, and (b) have accessed the Website and Mobile Applications and (c) have been denied equal access as a result of their disability.

(2)     The California Class: All individuals in the State of California who (a) have a disability, as that term is defined under the ADA and similar state and local disability laws, and (b) have accessed the Website and Mobile Applications, and (c) have been denied equal access as a result of their disability.

Both the Nationwide and California Classes are limited to individuals who attempted to access the Website and Mobile Applications between September 30, 2018 and September 30, 2021.

**2.     What are the benefits of the proposed settlement?**

Under the Settlement Agreement, Pressed Juicery has agreed to make certain accessibility modifications to the Website and Mobile Applications. Those changes include:

a)      Modifying the Website and Mobile Applications to improve accessibility and to provide individuals with disabilities full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations offered through the Website and Mobile Applications by having the Website and Mobile Applications substantially usable by screen reader software for Website and Mobile Applications users in the future. Pressed Juicery shall use WCAG 2.0 Level AA as a guideline in making such improvements.

b)      Pressed Juicery can link to third-party websites and/or include third-party content on the Website and Mobile Applications (e.g., any web content that is dictated or generated by a third party and is not owned, coded, managed, and/or operated by the Released Parties (including, but not limited to, plug-ins, forms, PDF files, social media and YouTube© videos)), without being required to undertake, to complete remediation for, or to be responsible or liable for any form of third-party content that is incorporated into the Website and Mobile Applications.

c)      Pressed Juicery has agreed to pay into a settlement fund which, after deductions for attorneys' fees, litigation costs, and a service award for the Class Representative as set forth in Paragraph 5 below, will be paid out to Class Members who make timely claims that they attempted to use the Website and/or Mobile Applications. To qualify, Class Members must either: (1) present proof of their attempt to use the Website and/or Mobile Applications by providing browsing history (if available); and/or (2) represent under penalty of perjury that they attempted to access the Website and/or Mobile Applications. Such Class Members will be entitled to an amount which

is proportional to the number of valid claimants, but which provides an enhancement to claimants from California of three (3) times the pro rata share of the settlement fund, not to exceed $1,000.00 per claimant. To the extent that the settlement fund has any funds remaining after distribution to Class Members, such remaining funds shall be donated to a charitable organization in support of individuals with visual impairments.

### 3.    How do I make a claim?

To receive a cash payment from the settlement fund, you must first complete the Claim Form found at: www.pressedjuiceryadasettlement.com.

### 4.    How could the settlement affect your legal rights?

If Judge Mueller approves the proposed settlement, members of the classes will release all claims for discrimination and denial of equal access on the basis of disability arising from Defendant's practices or procedures in connection with, or the condition of, the Website and Mobile Applications owned or operated by Pressed Juicery at the time of the Court's final approval of the settlement, or as the Website and/or Mobile Applications may be modified under the terms of the settlement. More specifically, the Settlement Agreement provides as follows:

> In consideration for the mutual promises and covenants set forth or referred to in this Settlement Agreement, the Settlement Classes and each of their respective members, executors, successors, heirs, assigns, administrators, agents and representatives (collectively referred to as the "Releasing Parties"), releases the Released Parties from any and all claims, counter-claims, liabilities, obligations, demands, and actions of any and every kind or nature whatsoever, known or unknown, that the Releasing Parties may have against the Released Parties for discrimination and/or denial of equal access to or enjoyment of any goods, services, facilities, privileges, advantages, or accommodations

based upon a disability under the common law or any state, local or federal statute, rule or regulation, arising from Defendant's practices or procedures in connection with, or the condition of, the Websites and Mobile Applications owned or operated by Defendant.  This release includes but is not limited to any and all claims that have arisen or might have arisen that could have been asserted in the Action, including claims in violation of the Americans with Disabilities Act (42 U.S.C. §§ 12101 *et seq.*)*,* the Unruh Civil Rights Act (Cal. Civil Code §§ 51 *et seq.*)*,* the Disabled Persons Act (Cal. Civil Code §§ 54 *et seq.*)*,* any other state, local or federal statute, rule, or regulation, or common law that governs, addresses or affects the rights of individuals with disabilities to gain equal or full access to or enjoyment of places of public accommodation or places open to the public. This release includes, but is not limited to, claims for class-wide injunctive or declaratory relief alleging a class-wide pattern and practice of disability-based discrimination in connection with, or an unlawful disparate impact associated with, access to or enjoyment of the Defendant's Website and Mobile Applications. This release includes any claims for damages, fines or penalties in amounts statutorily authorized (including as determined by reference to minimum or other prescribed amounts) for violations of the State Disability Statutes, but does not include claims for monetary damages (including as they may be multiplied) in individualized amounts recoverable by a Settlement Class Member that, under the State Disability Statutes or common law, are determined, not by reference to a minimum or other statutorily prescribed amount, but by the actual harm, loss, bodily injury, injury to property, emotional distress, or economic damage allegedly suffered by a Class Member.  By way of example, this release includes claims for the $4,000 and $1,000 minimum damages authorized in California Civil Code Section 52(a) and Section 54.3, respectively.  This release is intended to bind all Settlement Classes and its members and to preclude such Settlement Classes and its members from asserting or initiating, either individually or through any third party, future claims with respect to the issues in this Action or the subject matter of this Settlement Agreement.

**5.    What service payment is the Named Plaintiff seeking for the work she performed for the Class?**

In recognition of the Named Plaintiff's role in prosecuting this Action, Class Counsel shall file a motion for an award of a service enhancement payment of no more than $2,500.00 to be paid by Pressed Juicery, which motion shall be heard at the time of the Final Approval and Fairness Hearing.

**6.      What attorneys' fees and what reimbursement of out of pocket costs are Class Counsel seeking?**

Class Counsel is applying to the Court to be paid attorneys' fees and costs in the aggregate amount of no more than $35,000.00.

**7.      Requests for Exclusion from the Settlement.**

Any Class Member may opt out of the Class by submitting a written Request for Exclusion with the Settlement Administrator at the address provided in response to Paragraph 9 below. To be timely, a Request for Exclusion must be postmarked no later than April 1, 2022. Requests for Exclusion must state at least the member of the Settlement Classes' full name, address, and telephone number; a statement that the member of the Settlement Classes wishes to be excluded from the settlement; and the case name and case number. Every member of the Settlement Classes who does not timely and properly submit a Request for Exclusion from the Settlement Classes shall be bound by all proceedings, orders, and judgments in the Class Action. All members of the Settlement Class agree that the satisfaction of all the Released Claims against the Defendant, as well as entry of the Final Approval Order, shall be binding upon all member of the Settlement Classes.

**8.      When and where will the Final Approval and Fairness Hearing take place?**

On September 30, 2021, Judge Mueller granted preliminary approval to

62539141;1

the proposed settlement. After considering the comments and/or objections received from members of the Settlement Class, if any, Judge Mueller will next decide whether or not to: (1) grant final approval of the settlement; (2) grant Class Counsel's application for fees and costs; and (3) award a service enhancement payment to the Named Plaintiff. A hearing will be held on May 6, 2022 at 10:00 a.m., in Courtroom 3 before the Honorable Kimberly J. Mueller, Chief Judge for the United States District Court for the Eastern District of California, Robert T. Matsui United States Courthouse, 501 I Street, Sacramento, California 95814.

You may attend this hearing at your own expense but are not obligated to do so. If you choose to attend, you may request an opportunity to speak or be heard, but the Court is not required to allow it. You may retain an attorney at your own expense to represent you but are not required to do so. If you intend to attend the fairness hearing, you must send a written notice of intent to appear to Wilshire Law Firm, 3055 Wilshire Blvd., 12th Floor, Los Angeles, California 90010, Telephone: (213) 381-9988. Your notice of intent to appear must include at least your name, address, and telephone number, a reference to the lawsuit, a statement that you intend to appear at the hearing and must be postmarked no later than April 1, 2022. If you wish to speak or be heard at the hearing, you also must include this request in your notice of intent to appear.

**9.    How can you get more information?**

You can obtain a copy of the complete Settlement Agreement from the Claims Administrator using the contact information listed below. You may also inspect the non-confidential parts of the case file in this lawsuit by going to the website of the U.S. District Court for the Eastern District of California

([www.pacer.gov](www.pacer.gov)).

**Claims Administrator:**

Brooks v. Pressed Juicery
c/o CPT Group, Inc.
50 Corporate Park
Irvine, CA 92606

Dated: March 9, 2022                    **AKERMAN LLP**

By:  */s/ Arlene Kline*
Arlene Kline, Esq.
Damien DeLaney, Esq.
Zoe Bekas, Esq.
Attorneys for Defendant
PRESSED JUICERY, INC.

Dated: March 9, 2022                    **WILSHIRE LAW FIRM**

By: */s/ Thiago Coelho*
Bobby Saadian, Esq.
Thiago Coelho, Esq.
Attorneys for Named Plaintiff
VALERIE BROOKS