UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VALERIE BROOKS, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

PRESSED JUICERY, INC., a Delaware corporation; and DOES 1 to 10, inclusive,

Defendants.

No. 2:19-cv-01687-KJM-CKD

ORDER CONDITIONALLY GRANTING JOINT REQUEST FOR APPROVAL OF NOTICE AND CLAIM FORMS

This issue is before the court on the parties' joint request for approval of notice and claim form under Federal Rule of Civil Procedure 23. This is the second such request for approval of notice to the class, the first of which the court approved. *See generally* Mot. for Prelim. Approval, ECF No. 19; Order, ECF No. 24. For the following reasons, the court **conditionally grants the parties' motion**.

I. **BACKGROUND AND ANALYSIS**

Plaintiff Valerie Brooks alleges that defendant Pressed Juicery, Inc. violated the Americans with Disabilities Act, 42 U.S.C. § 12181 (ADA), and California's Unruh Civil Rights Act, California Civil Code § 51 (UCRA), by not maintaining its website in a manner that allowed access to those with visual disabilities, *see* Compl., ECF No. 1. In the fall of 2020, the court granted the parties' joint motion for preliminary approval of class action settlement and

1

conditional certification of settlement classes, as well as the parties' proposed method for notifying the class. *See generally* Order. At the February 2022 Final Fairness Hearing, objector Timothy Elder expressed concerns with the substance of the settlement, the method used for notice, and the claim form requirements. *See* Minutes for Final Fairness Hearing, ECF No. 40. The court ordered the parties to submit a revised notice and claim form for approval no later than March 9, 2022; details of the parties' revised claims process no later than March 17, 2022; and a motion for final approval no later than April 29, 2022. ECF No. 42.

The changes to the parties' notice form include modifications to the section describing the benefits of the proposed settlement. *See generally* Mot. for Prelim. Approval, Ex. A; Amended Class Action Settlement Agreement and Release, ECF No. 26; Joint Request for Approval, ECF No. 43-1.[1] The form now includes a section describing the settlement fund that will be paid out to class members who make timely claims. Joint Request for Approval at 2c. Class members are also now permitted to make a claim by presenting proof of their attempt to use the website or represent under penalty of perjury that they attempted to do so. *Id.* The revised notice also includes a link to a website, pressedjuiceryadsettlement.com, where potential class members may submit claims in order to receive a cash payment from the settlement fund. *Id.* at 3. The website must be fully operational and accessible promptly upon the court's issuance of this order.

The claim form, *see* Joint Request for Approval, ECF No. 43-2, clearly states the steps claimants must take to submit a form. The court notes that "step 4" on the claim form states it needs to be postmarked no later than "November 29, 2021." The court presumes this is an error. The parties should correct the date to match the first date listed at the beginning of the form.

Courts have discretion in requiring notice of settlement claims certified under Rule 23(b)(2). *See* Fed. R. Civ. P. Rule 23(c)(2)(A) ("the court may direct appropriate notice to the class"). Courts have found notice satisfactory if it "generally describes the terms of the

---

[1] The court notes the parties have not addressed two of Mr. Elder's concerns. First, Mr. Elder was concerned that the settlement had no termination date yet contained a broad release clause. Second, Mr. Elder objected to the exclusion of third-party content from any remediation requirement. Mr. Elder will have the opportunity to raise these and any other objections at the Final Fairness Hearing, which has been continued to May 6, 2022. *See* ECF No. 40.

settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Churchill Village LLC v. General Electric*, 361 F.3d 566, 575 (9th Cir. 2004) (quoting *Mendoza v. Tucson Sch. Dist. No. 1*, 623 F.2d 1338, 1352 (9th Cir. 1980)). "Settlement notices are supposed to present information about a proposed settlement neutrally, simply, and understandably." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 962 (9th Cir. 2009). The court approves of the modifications made to the notice, which are adequate for notifying class members of the existence and details of the settlement, as well as the claim form itself.

Requiring potential class members to postmark claim forms by April 1, 2022, approximately two weeks after the court's approval of the notice, does not provide sufficient time to respond however. The court thus orders the parties to change the April 1, 2022 deadline for postmarking forms to April 29, 2022.

## II. CONCLUSION

The joint request for approval of notice and claim forms is **granted, conditioned on the parties (1) ensuring the website for submitting claims is functioning promptly following the filed date of this order, and (2) changing all postmark deadline dates in both the notice and form regarding claims to April 29, 2022.**

This order resolves ECF No. 43.

IT IS SO ORDERED.

DATED: March 14, 2022.

CHIEF UNITED STATES DISTRICT JUDGE

3